**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Beaufort Regional Chamber of Commerce, | ) | |
| | ) | Civil Action No. 9:18-cv-02565-RMG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| City of Beaufort, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff Beaufort Regional Chamber of Commerce's Motion to Compel (Dkt. No. 45). For the reasons set forth below, the Court grants the motion.

## I. Background

Plaintiff Beaufort Regional Chamber of Commerce (the "Chamber") alleges that the Defendant City of Beaufort (the "City") improperly registered trademarks for two festivals, the "Beaufort Shrimp Festival" and "A Taste of Beaufort," previously produced by the Chamber, and then proceeded to deny the Chamber permits to hold the festivals in 2018 and 2019 while also granting itself a permit to hold the festivals. (Dkt. No. 34.) The Chamber brought thirteen causes of action, including claims for declaratory judgment, claims under the Lanham Act, 42 U.S.C. § 1983, and various state laws. (*Id.*) Discovery is scheduled to close May 20, 2019. (Dkt. No. 30.)

The Plaintiff Chamber now moves to compel amended responses to their requests for production. (Dkt. No. 45.) The Chamber claims that, instead of responding individually to each of their forty requests for production (request forty-one is for a privilege log), the Defendant City improperly provided the Chamber with 1,379,287 pages of documents and emails, and that, in addition to this voluminous response, the production was included in 1,273 unorganized files, that the City failed to identify which produced documents were responsive to which document requests,

1

and that the production includes an almost incalculable number of non-responsive pages. (Dkt. Nos. 45 at 3 – 6.) The Chamber further represents that when it notified the City of these issues, the City supplemented its responses but failed to provide any organization to the production and instead merely stated that the "production of e-mails is in a searchable format granting Plaintiff's the same access for review that the Defendant has" and that the supplemental response was "the same" twenty-six requests. (*Id.* at 6 – 7; Dkt. No. 45-16.) The Defendant City opposes the motion, largely arguing that the Plaintiff's request for production were expansive and that any issues are from Plaintiff counsel's failure to download and use an efficient search function. (Dkt. No. 52.)

## II.    Legal Standard

Parties to a civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop her case. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.,* 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'") *quoting Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The court "must limit the frequency or extent of discovery...if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in [their] resolution of discovery problems arising in cases before [them].") (citations omitted).

Rule 34 permits parties to request "designated documents or electronically stored information." Fed. R. Civ. P. 34. In producing documents, the "party producing 'cannot attempt to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents," however, "'a responding party has no duty to organize and label the documents if it has produced them as they are kept in the usual course of business.'" *Ashmore v. Allied Energy, Inc.*, No. 8:14-CV-00227-JMC, 2016 WL 2898007, at *3 (D.S.C. May 18, 2016) (citations omitted). Nonetheless, 'if a party elects to produce documents "as they are kept in the usual course of business,' the producing party 'bear[s] the burden of showing that the documents were in fact produced in that manner.'" *Id.* (citation omitted).

To enforce discovery obligations, under Rule 37, a "party may move for an order compelling disclosure or discovery." "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

## III. Discussion

The Defendant City plainly failed to comply with their production obligations here. A party cannot be so "overly generous" as to prevent a party from "making a meaningful review of the documents." *Ashmore v. Allied Energy, Inc.*, No. 8:14-CV-00227-JMC, 2016 WL 2898007, at *4 (D.S.C. May 18, 2016). *See Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, No. 3:15-CV-03447-JMC, 2017 WL 5191841, at *2 (D.S.C. Nov. 9, 2017) ("the recipient of documentation is entitled to be able to perform a meaningful review of the documents."). Here, the Defendant City provided 1,379,287 pages of production. Even if many of these documents are multiple permutations of email chains, as suggested by the City, it is clear that this type of production would take thousands of hours to review and is intended to prevent the Chamber from ever being able to meaningfully review the documents. The issue is compounded by the fact that the production

includes what is likely tens of thousands to hundreds of thousands of non-responsive pages. Indeed, in a sampling of only one hundred pages submitted to the Court by the Plaintiff, it is clear that the production includes voluminous non-responsive materials, such as a "Gang Reference Sheet," a counter-terrorism email, multiple Police Department and Sherriff's Office advisories, and other similar material. (Dkt. Nos. 45-2 – 45-15.)

Also egregious is the blatant disregard of the provisions of Rule 34. Rule 34 requires that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request[.]" Fed. R. Civ. P. 34(b)(2)(E)(i). The Defendant City relies on this language to argue that the rule necessitated their broad production as it was produced in the manner "in which the e-mails were kept in the usual course of business...." (Dkt. No. 52 at 4.) The City bases this statement on the fact that email files are kept as ".pst" files, and attributes issues with the production with the Chamber's issues with downloading and searching ".pst" and ".msg" files. (*Id.*) The issue, however, is not with the file format used for production, and indeed the Chamber never addressed file format in their motion. Instead, the Defendant City, as they acknowledged in their Response, took the documents and "package[ed]...the e-mails into separate bundles." (*Id.* at 3.) The Defendant City did not produce documents as kept in the "usual course of business" and instead repackaged the requested documents into disorganized bundles that, as represented by the Plaintiff, are not organized by any of the factors traditionally applied to emails, such as by person or date. (Dkt. No. 45 at 3.) The Plaintiff Chamber did not file this motion for aid with "technical knowledge," as the City argues, and instead the Chamber highlighted the impossibility of meaningful review given the volume, irrelevant responses and active disorganization of the production. The Defendant City's responses therefore do not comply with Rule 34. *See Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331,

335 (N.D.N.Y. 2008) (granting motion to compel where "more than 400,000 documents produced by…were placed in 220 unlabelled files and produced in that format"); *Williams v. Taser Int'l, Inc.*, No. CIVA1:06-CV-0051-RWS, 2006 WL 1835437, at *7 (N.D. Ga. June 30, 2006) (holding while defendant "has the option to produce documents as they are kept in the ordinary course of business, it also has an obligation to organize the documents in such a manner that Plaintiffs may obtain, with reasonable effort, the documents responsive to their requests.")

The City additionally claims that these responses were necessitated by Plaintiff Chambers' broad requests which often begin with the phrase "any and all" and extend to documents from over twenty years ago. (Dkt. No. 52 at 2.) However, the City fails to acknowledge the second half of many of the requests, which specify topics for the documents. (Dkt. No. 45-1 at ¶¶ 8, 34.) It also may be true that some of the questions are overbroad (*See, e.g.*, Dkt. No. 45-1 at ¶ 38, 39.) However, to the extent the City asserts that a request is broad, vague, or burdensome, the City must identify particular facts to support those assertions. *See Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008) ("[B]oilierplate objections that a request for discovery is 'over[broad] and unduly burdensome…' persist despite a litany of decisions from courts, including this one, that such objections are improper unless based on particularized facts."). This is especially true after the 2015 Amendments to Rule 34(b)(2)(B), requiring that parties "state with specificity the grounds for objection to the request." The City often does not do so here, and where it does object, failed to state the objection with specificity. The Responses also fail to respond to each request, with the majority of the responses referring to the response to request number 1. (Dkt. No. 45-1 at ¶¶ 2 – 14, 16, 19 – 20, 22 – 23, 25 – 26, 29 – 30, 35 – 36, 38, 40.)

The Court therefore finds it appropriate to grant the Chamber's motion to compel and order appropriate remedies. The Defendant City must: (1) submit to Plaintiff supplemental responses to

the Chamber's Requests for Production Numbers 1 – 40 that specifically identify the documents and/or electronic files that are responsive to each request, and; (2) re-produce the responsive documents to Plaintiff's Requests for Production in a manner that is organized and labeled to correspond to categories of the requests. The Defendant City should ensure that documents that are non-responsive are not produced. The Court orders Defendant to complete the supplemental responses and supplemental production by June 4, 2019.

Finally, the Plaintiff requests payment of expenses and a discovery extension of thirty (30) days once the new production is provided. At this time, given the remedies in the Order, the Court declines to award expenses. However, the Defendant City is on notice that the Court will award expenses for similar failures in the future. Further, to the extent Plaintiff requires additional discovery after the new production, Plaintiff should make a motion at that time.

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Compel (Dkt. No. 45). **IT IS ORDERED THAT**, by **JUNE 4, 2019**, Defendant City of Beaufort will serve supplemental responses and supplemental production as required by this Order.

**AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Court Judge

May 15, 2019
Charleston, South Carolina