IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Beaufort Regional Chamber of Commerce, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> City of Beaufort, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 9:18-cv-02565-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court on Plaintiff Beaufort Regional Chamber of Commerce's Motion to Compel (Dkt. No. 48). After the Court issued its Order on the motion, Plaintiff Chamber filed a Reply. The Court vacates its prior Order (Dkt. No. 56) and, weighing the information and argument provided in the Reply, grants Plaintiff's motion.

I.  **Background**

Plaintiff Beaufort Regional Chamber of Commerce (the "Chamber") alleges that the Defendant City of Beaufort (the "City") improperly registered trademarks for two festivals, the "Beaufort Shrimp Festival" and "A Taste of Beaufort," previously produced by the Chamber, and then proceeded to deny the Chamber permits to hold the festivals in 2018 and 2019 while also granting itself a permit to hold the festivals. (Dkt. No. 34.) The Chamber brought thirteen causes of action, including claims for declaratory judgment, claims under the Lanham Act, 42 U.S.C. § 1983, and various state laws. (*Id.*) Discovery is scheduled to close May 20, 2019. (Dkt. No. 30.)

The Chamber moves to compel a proper privilege log from Defendant City. (Dkt. No. 48.) The Chamber initially alleged that the privilege log, which initially contained 6,908 entries, failed to provide any information on the documents' subject matter sufficient to show that that a privilege attaches and that it is clear that certain withheld documents are not covered by a privilege. (*Id.*)

1

The City responded on May 14, 2019, indicating that it has "produce[d] a new privilege log" that it contends is proper. (Dkt. No. 53.) However, on May 15, 2019, the Plaintiff Chamber submitted a Reply with the revised privilege log attached, containing 814 entries, contending that it remains improper. (Dkt. No. 55.) To avoid any confusion regarding the City's obligations to produce a proper privilege log, the Court issues this Order.

**II.     Legal Standard**

Parties to a civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). However, the Rule also recognizes that certain documents may be privileged and, under Rule 26(b)(5), a party desiring to withhold "information otherwise discoverable" on the basis that the information "is privileged or subject to protection as trial-preparation material" must provide a list of the withheld documents that describe the nature of the documents "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." To comply with Rule 26(b)(5), a party withholding information, must "produce a privilege log that 'identifies each document withheld, information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter.'" *Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 538 (D.S.C. 2018) (citations omitted). "'The party asserting the privilege must identify the elements of the applicable privilege and demonstrate that each element is present for each document for which they claim the existence of a privilege.'" *Id.* To enforce discovery obligations, under Rule 37, a "party may move for an order compelling disclosure or discovery."

**III.    Discussion**

2

The Defendant City did not comply with their duty to provide a proper privilege log. Most notably, as required under Rule 26, the privilege log does not contain any general description of the document withheld such to allow the Chamber or the Court to determine a privilege is properly asserted. The Plaintiff Chamber is correct and each entry should have a description, such as "discussion regarding X" or other similarly general description, that does not reveal the privileged information. Further, the log is simply impractical containing scores of columns that have no relevance to whether a privilege was properly asserted and only serves to make it difficult to assess whether a privilege was properly asserted (eg, Custodian, File Path, Native File Link, MDS Hash, Document Language). To the extent the Parties agreed to provide this information, the Court will not disturb that agreement, but if not, the Defendant City should provide a list that is reasonably usable and readable. Instead, the Defendant City should focus the privilege log on information that: "identifies each document withheld, information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter." *Mach. Sols., Inc..*, 323 F.R.D. at 538. Finally, Plaintiff contends that certain of the listed documents contain dates that do not seem to be accurate, such as an email dated May 12, 2015 that purports to discuss the 2019 Shrimp Festival. (Dkt. No. 55-1.) The log provided to the Court by Plaintiff does not include the dates, however, while the Court takes not view as to the accuracy of log or the asserted privilege, the Defendant City should use care in preparing the revised privilege log to ensure it contains accurate descriptions such that the Parties can review whether a privilege attaches.

### IV. <u>Conclusion</u>

For the foregoing reasons, the Court **VACATES** its prior Order (Dkt. No. 56) and the Court **GRANTS** Plaintiff Beaufort Regional Chamber of Commerce's Motion to Compel (Dkt. No. 48).

3

**IT IS ORDERED THAT**, within ten (10) days of the date of this Order, Defendant City of Beaufort will serve an amended privilege log in compliance with this Order.

**AND IT IS SO ORDERED.**

                                                         _____
                                                         Richard M. Gergel
                                                         United States District Court Judge

May 15, 2019
Charleston, South Carolina